IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILLIP STEWART, ANTHONY
SMITH, DARKO TRAJCEV,
LAWRENCE CRAIG, KEITH M.
HARRIS, and SCOTT HEJDUK,

               Plaintiffs,

        v.

A2B CARGO INC.; A2B CARGO
LOGISTICS INC.; KSM CARRIER
GROUP INC.; LINCOLN STATE
LEASING LLC, f/k/a LINCOLN
STATE HOLDING LLC,

               Defendants.

Case No. 20 C 278

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendants A2B Cargo Inc., A2B Cargo Logistics Inc., KSM Carrier Group Inc., and Lincoln State Leasing LLC f/k/a Lincoln State Holding (the "Defendants") move to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 15). For the reasons stated herein, the Motion is granted in part and denied in part.

## I. BACKGROUND

Unless otherwise noted, the Court takes as true Plaintiffs' well-pleaded facts. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Plaintiffs are commercial truck drivers who were independent contractors for and leased equipment from Defendants. (Compl. ¶ 17, Dkt. No. 1.) Defendant Lincoln State Leasing is a

truck leasing company that often provides the trucks for Defendants A2B Cargo's and KSM Carrier Group's independent contractors. (*Id.* ¶ 14.) All Plaintiffs other than Trajcev leased trucks from Lincoln State. Defendant A2B Cargo Logistics brokers contracts for Defendants A2B Cargo and KSM Carrier Group, both motor carrier companies. Plaintiffs Smith, Craig, Harris, Hejduk, and Trajcev contracted with A2B, and Plaintiff Stewart contracted with KSM Carrier Group. (*Id.* ¶¶ 5-10.)

These contracts were made orally and provided that: (1) Plaintiffs would drive various loads for Defendants in trucks provided by Plaintiffs; (2) Defendants would pay Plaintiffs a percentage of the gross revenue; and (3) Defendants would withhold from Plaintiffs' pay certain insurance fees, deposits on leased trucks, fees for using Defendants' electronic system, registration fees, any amount due to Lincoln State, and, if appropriate, trailer rent. (*Id.* ¶ 18.) The contract also withheld from Plaintiffs' pay an amount to be put in "an unexplained escrow." (*Id.*)

After Plaintiffs performed their obligations, Defendants failed to return the escrow funds or provide an accounting of the funds, making it impossible for Plaintiffs to judge how much they were due. Additionally, Defendants deducted items not previously discussed from Plaintiffs' pay. Finally, Defendants generally paid Plaintiffs less than was agreed. (*Id.* ¶¶ 75-78.)

Plaintiffs bring five claims on behalf of themselves and others similarly situated: (1) Count One, against all Defendants for violating 49 U.S.C. § 14102(a); (2) Count Two, against Defendants A2B Cargo, A2B Cargo Logistics, and KSM Carrier Group for breach of contract; (3) Count Three, against Defendants A2B Cargo, A2B Cargo Logistics, and KSM Carrier Group for unjust enrichment; (4) Count Four, against all Defendants for unjust enrichment; and (5) Count Five, against all Defendants for conversion.

Defendants move to dismiss all claims under FED. R. CIV. P. 12(b)(6). In support of their Motion, Defendants attach Independent Contractor Agreements ("ICAs") to dispute Plaintiffs' § 14102(a) and breach of contract claims. These ICAs, like the alleged oral agreements, purport to govern the working relationship between Plaintiffs and Defendants. They discuss the provision of trucking services by Plaintiffs to Defendants, compensation for those services, items that would be deducted from Plaintiffs' pay, and the parties' responsibilities regarding maintenance, operation expenses, insurance, inspections, and trailer damage. Defendants provide ICAs signed by Plaintiffs Smith, Craig, Harris, and Hejduk. Defendants claim that Plaintiffs

Stewart and Trajcev signed the same ICAs, but they cannot find the documents.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). To overcome a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). When considering a 12(b)(6) motion to dismiss, the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Blagojevich*, 526 F.3d at 1081.

## III.  DISCUSSION

When deciding a Rule 12(b)(6) motion, a court may only consider a plaintiff's complaint and attached documents. This rule has a limited exception. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the

motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). A complaint need not explicitly refer to the document for it to fall into the exception. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) ("Although [plaintiff] did not refer explicitly to the [document attached to the motion] in his complaint, that agreement nevertheless falls within the exception."); *Am. Inter-Fid. Corp. for Am. Inter-Fid. Exch. v. Hodge*, No. 18 CV 04604, 2020 WL 1433783, at *3, n.2 (N.D. Ill. Mar. 24, 2020) ("The Court finds that, although the pleadings do not directly reference the [document attached to the motion, defendant] executed it the same day as the other onboarding documents he signed. Consequently, the [document] is central to [defendant's] counterclaim and is necessarily embraced by his pleadings.").

The ICAs attached to Defendants' Motion fall into this narrow exception. Although the Complaint does not mention the agreements, the ICAs and Plaintiffs' alleged oral agreements cover much of the same ground because they both purport to govern the working relationship between Defendants and Plaintiffs. Defendants provide four signed ICAs and two affidavits claiming Plaintiffs Trajcev and Stewart "would have" signed the same ICA. Plaintiffs argue that such an uncertain statement is insufficient to overcome the presumption of truth plaintiffs are usually afforded. Two facts remedy this uncertainty. First, Defendants produced ICAs for the

- 5 -

majority of Plaintiffs. This supports Defendants' claim that every driver must sign an ICA (Mitev Dec. ¶ 3, Def. Mot., Ex. B., Dkt. No. 16-5.) Second, Plaintiffs plead that they all entered into "materially identical" agreements with Defendants. (Compl. ¶ 35.) If true, the two Plaintiffs for whom Defendants cannot find ICAs would have signed them along with the other four Plaintiffs.

Under these circumstances, a proper Rule 12(b)(6) analysis requires considering both the ICAs and the alleged oral agreements. *See Rosenblum*, 299 F.3d at 662 ("It would have been impossible for the district court or for this court to evaluate the disagreement between the parties without having all of the documentation."); *see also Rowland v. Haven Properties, LLC*, No. 05 C 1957, 2005 WL 2989901, at *3 (N.D. Ill. Nov. 7, 2005) (considering document attached to motion where "agreement is crucial for understanding the relationships" between the parties.). Accordingly, the Court will consider the ICAs.

However, the Court will not consider the supplements Defendants attached to the ICAs. No supplement bears Plaintiffs' signatures. Under the circumstances alleged in the Complaint, the Court can tolerate two missing ICA signatures out of six. But it cannot tolerate six missing supplement signatures. Without any signatures, there is no evidence Plaintiffs were ever presented with—or agreed to—the supplements, and the Court will not consider them in the following analysis.

**A.  49 U.S.C. § 14102(a) and 49 C.F.R. § 376.12 Violations**

In Count One, Plaintiffs allege all Defendants violated 49 U.S.C. § 14102(a) as codified at 49 C.F.R. § 376.12. These regulations require, in relevant part, that leases between authorized motor carriers and lessors specify the following: (1) the amount to be paid to the lessor; (2) the parties' responsibilities regarding identification devices and empty mileage; (3) which items will be deducted from lessor's pay; (4) the conditions under which damage of cargo will be deducted from lessor's pay; and, in the case that escrow funds are required (5) the amount to be held in escrow, the specific items to which the escrow funds can be applied, that the authorized carrier must provide an accounting of the funds to the lessor, the lessor's right to demand such an accounting, that the authorized carrier will pay interest on the funds, and under what conditions the funds will be returned. *See* 49 C.F.R. §§ 376.12(a)–(k).

Under 49 U.S.C. § 14704(a)(1), any person injured by a violation of § 14102 and its corresponding regulations can sue the violating party. To bring suit for a violation of § 14102, a plaintiff must allege the existence of a lease between an authorized motor carrier and a lessor, the failure of that lease to comply with regulations promulgated under § 14102, and that the violation injured the plaintiff. *See* 49 U.S.C. §§ 14102 & 14704.

Plaintiffs adequately plead each of these elements despite the ICAs. First, Plaintiffs sufficiently allege the existence of a lease. Defendants argue that the ICAs contradict the existence of a lease as described by Plaintiffs. On the contrary, while the ICAs may contradict the existence of an oral lease, they do not contradict the existence of a lease in general. The ICAs simply raise a dispute regarding the *form* and *content* of the lease.

Second, while the ICAs may contradict some of the alleged § 14102(a) violations, Plaintiffs still adequately plead violations of § 14102(a) and its corresponding regulations. The ICAs do not resolve the alleged violation of 49 C.F.R. § 376.12(d). The regulation requires leases to specify the amount to be paid to the lessor, but the ICAs do not do this. The ICAs also do not resolve the alleged violation of 49 C.F.R. § 376.12(e) because they do not "clearly specify which party is responsible for removing identification devices from the equipment upon the termination of the lease." 49 C.F.R. § 376.12(e). Similarly, they fail to "clearly specify the responsibility of each party with respect to . . . empty mileage[.]" *Id*. Consequently, the ICAs leave Plaintiffs' allegations of §§ 376.12(d) and (e) violations intact.

The ICAs likewise do not resolve Plaintiffs' claim that the leases do not "clearly specify all items that may be initially paid for by the authorized carrier, but ultimately deducted from the lessor's compensation at the time of payment[.]" 49 C.F.R.

- 8 -

§ 376.12(h). Neither do the ICAs "specify that the authorized carrier must provide the lessor with a written explanation and itemization of any deductions for cargo or property damage[.]" 49 C.F.R. § 376.12(j)(3). As such, the ICAs do nothing to contradict Plaintiffs' allegations of §§ 376.12(h) or (j)(3) violations.

The ICAs also fail to contradict several of Plaintiffs' claims regarding the escrow funds. Plaintiffs fault the lease for violating 49 C.F.R. § 376.12(k) by not specifying the amount to be put in escrow, the items to which the funds will be applied, that the carrier will provide an accounting of the fund, that the Plaintiffs have the right to demand an accounting, that the carrier will pay the interest on the fund, and under what conditions the funds would be returned. (Compl. ¶¶ 52(p)–(s).) No part of the ICAs addresses these issues.

The ICAs do nonetheless address some of Plaintiffs' claims. The ICAs contradict a violation of 49 CFR § 376.12(a) by containing the parties' signatures. They contradict a § 376.12(b) violation by specifying a start and end date. They contradict a § 376.12(c) violation by giving Defendants complete responsibility for equipment operation. Finally, they contradict a § 376.12(g) violation by indicating that Defendants would provide Plaintiffs with a freight bill. Regardless, these ICA provisions do not warrant dismissal of the claim because they fail to contradict the alleged violations of 49 C.F.R. §§ 376.12(d), (e), (h), (j), (k),

(p), (q), (r), and (s). Consequently, Plaintiffs adequately allege a violation of regulations authorized by 49 U.S.C. § 14102(a).

Additionally, Plaintiffs adequately plead injury stemming from these alleged violations. Plaintiffs claim that Defendants' alleged failure to specify the amount to be paid injured Plaintiffs by making them unable to "detect the disparity between what Defendants had agreed to pay and what they did pay[.]" (Compl. ¶ 58.) Similarly, Plaintiffs claim that they were unable to ensure that they were being paid properly because of Defendants' alleged failure to provide a comprehensive list of items to be deducted from Plaintiffs pay. *Id.* Finally, as a result of Defendants' alleged failure to comply with regulations regarding escrow funds, Plaintiffs claim they were injured in the form of escrow funds wrongfully retained.

In sum, Plaintiffs adequately plead facts to maintain a claim for a § 14102(a) violation, and, accordingly, Defendants' Motion to Dismiss is denied on Count One.

## B. Breach of Contract

Plaintiffs allege breach of contract in Count Two against A2B Cargo and A2B Cargo Logistics. To state a breach of contract claim, a plaintiff must plead: "1) the existence of a valid and enforceable contract; 2) performance by the plaintiff; 3) breach of contract by the defendant; and 4) resultant injury to the plaintiff." *Henderson-Smith & Assocs. v. Nahamani Family Serv.*

*Ctr.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 2001). Plaintiffs adequately plead all of these elements.

First, the pleadings adequately allege the existence of a contract. As discussed above, the ICAs do not negate the existence of a contract. They only raise a dispute regarding its form and content. Further, Defendants' argument that the ICAs' integration clauses preclude Plaintiffs' breach claim is unavailing. The ICAs state that they are "the sole, entire, and existing agreements between the parties herein, and supersede[] all prior agreements and undertakings, oral and written." (Independent Contractor Agreement ¶ 18, Def. Mot., Ex. A-1, Dkt. No. 16-1.) Defendants argue that this provision precludes Plaintiffs' from alleging an oral agreement and, consequently, from claiming breach of an oral contract. Defendants' argument is based on an overly broad understanding of the parol evidence rule.

The parol evidence rule does not completely bar the consideration of extrinsic evidence in the face of an integrated contract. *See Bidlack v. Wheelabrator Crop.*, 993 F.2d 603, 608 (7th Cir. 1993). The rule only bars the consideration of extrinsic evidence to vary or contradict the writing. *See Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.,* 192 F.3d 724, 729 (7th Cir. 1999). Defendants do not argue that the alleged oral agreements vary or contradict the ICAs. As such, the parol evidence rule does not bar consideration of Plaintiffs' alleged oral agreements.

Additionally, even if the integration clauses barred Plaintiffs from alleging an oral agreement, the ICAs are still part of the pleading by virtue of falling into the exception for documents attached to a motion to dismiss. *See Wright*, 29 F.3d at 1248 (ruling that documents falling within the exception "are considered part of the pleadings."). As a part of the pleadings, the ICAs establish the existence of a contract.

Second, Plaintiffs sufficiently plead that they performed their obligations under the contract, whether oral or written. Plaintiffs claim that they "fully performed their obligations under the agreements and performed all conditions precedent to Defendants' performance under the agreements." (Compl. ¶ 71.) This statement is sufficient to survive dismissal. *See* FED. R. CIV. P. 9 ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). Further, Defendants do not dispute that Plaintiffs performed their obligations.

Third, Plaintiffs adequately plead that Defendants failed to perform. They do not simply make "conclusory allegation[s]; rather [Plaintiffs] state the facts underlying the breach." *See Indus. Hard Chrome. Ltd. v. Hetran, Inc.*, 64 F.Supp.2d 741, 745 (N.D. Ill. 1999). Plaintiffs claim that Defendants deducted items from Plaintiffs' pay without consent, failed to provide an accounting of the escrow funds, and generally paid Plaintiffs less than was

agreed. (Compl. ¶¶ 75–78.) These alleged facts, if true, establish a lack of performance.

Finally, Plaintiffs plead injuries stemming from the alleged breach of contract. Plaintiffs claim damages equal to "unpaid shipping rates, items improperly withheld from their pay[,] and the unreturned balance in their escrow." *(Id.* ¶ 79.) In sum, all elements for a breach of contract claim are present in the pleadings. Consequently, Defendants' Motion to Dismiss is denied for Count Two.

### C. Unjust Enrichment

Plaintiffs allege unjust enrichment against A2B Cargo, A2B Cargo Logistics, and KSM Carrier Group in Count Three, and unjust enrichment in Count Four against all Defendants. "To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). However, plaintiffs may not "incorporate[] allegations of a contract into their unjust enrichment claim." *See Ford v. Pac. Webworks, Inc.*, No. 09 C 7867, 2011 WL 529265, at *4 n.7 (N.D. Ill. Feb. 4, 2011).

Even if Plaintiffs pleaded facts adequate to maintain claims for unjust enrichment, their claims are deficient because they

incorporated allegations of a specific contract between the parties. (Compl. ¶ 80.) This warrants dismissal. Plaintiffs do not remedy this problem by pleading the unjust enrichment claims "in the alternative to breach of contract," *(Id.* ¶ 26), and their reliance on *Argonaut Insurance Company v. Broadspire Services* is misplaced. (Pls.' Resp. at 8, Dkt. No. 24.) The unjust enrichment claim in *Argonaut* "expressly assume[d] there [was] no contractual obligation." *See Argonaut Ins. Co. v. Broadspire Services, Inc.*, No. 05 C 218, 2008 WL 4346418, at *4 (N.D. Ill. Mar. 25, 2008). That is, the *Argonaut* plaintiffs asserted an alternate count expressly assuming no contractual obligation, and as a result it was "inappropriate to dismiss the quasi-contractual counts." *Id.* Plaintiffs' unjust enrichment claim, on the other hand, expressly incorporates allegations of a contractual obligation, and the case is therefore inapposite. Because of this improper incorporation of a contract claim, Counts Three and Four are dismissed without prejudice.

### D. Conversion

Finally, in Count Five, Plaintiffs bring a conversion claim against all Defendants. A proper conversion complaint alleges four elements: "(1) an unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and

unconditionally; and (4) a demand for possession of the property." *Gen. Motors Corp. v. Douglass*, 565 N.E.2d 93, 96–97 (Ill. App. Ct. 1990). Generally, there can be no claim for conversion over a general debt or obligation to pay money. *See In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985). This rule does not stop plaintiffs from claiming conversion for money when "the money claimed, or its equivalent, at all times belonged to the plaintiff and the defendant converted it to his own use." *See id* at 261. This includes money held in escrow. *See Albrecht v. Brais*, 754 N.E.2d 396, 399 (Ill. App. Ct. 2001) ("An escrow agent [], is not vested with title to the property.").

Plaintiffs adequately plead all elements of conversion except one: they fail to allege a demand for the property. (*See* Compl. ¶¶ 94–96.) Plaintiffs allege that "Defendants refused to provide Plaintiffs and the members of the class with the remaining escrow funds at the time of termination of their relationships . . ." (Compl. ¶ 101.) This allegation, even though it implies a demand, is more relevant to establishing the first element of the claim — an unauthorized control over the property. Plaintiffs plead no facts that could allow the Court to infer that a demand was made: there is nothing indicating, for example, when a demand was made, how it was made, or anything else that could allow the Court to assume that Plaintiffs have made a plausible claim for relief. Assuming a demand was made, the Complaint should so allege, and it

does not. For this reason, Count Five is dismissed without prejudice.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 15) is granted in part and denied in part. Plaintiffs' unjust enrichment and conversion claims (Counts Three, Four, and Five) are dismissed without prejudice. Plaintiffs' claims of breach of contract and violations of 49 U.S.C. § 14102(a) (Counts One & Two) may proceed.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: August 26, 2020